1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAMECUS REED,                            No.  2:14-cv-0463 JAM GGH P

12                    Petitioner,

13           v.                               ORDER and FINDINGS AND
                                              RECOMMENDATIONS
14   STU SHERMAN,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing

20   required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21   28 U.S.C. § 1915(a).

22          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

25   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

26   highest state court with a full and fair opportunity to consider all claims before presenting them to

27   _____

28   [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
     2254(b)(2).

                                              1

1    the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

2    1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

3        After reviewing the petition for habeas corpus, the court finds that petitioner has failed to

4    exhaust state court remedies.  The claims have not been presented to the California Supreme

5    Court.  Further, there is no allegation that state court remedies are no longer available to

6    petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

7        Petitioner has also requested appointment of counsel.  There currently exists no absolute

8    right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460

9    (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

10   of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

11   In the present case, the court does not find that the interests of justice would be served by the

12   appointment of counsel at the present time.

13       Good cause appearing, IT IS HEREBY ORDERED that:

14       1.  Petitioner is granted leave to proceed in forma pauperis;

15       2.  Petitioner's February 12, 2014 request for appointment of counsel is denied without

16   prejudice to a renewal of the motion at a later stage of the proceedings;

17       3.  The Clerk of the Court is directed to serve a copy of these findings and

18   recommendations together with a copy of the petition filed in the instant case on the Attorney

19   General of the State of California; and

20       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

21   corpus be dismissed for failure to exhaust state remedies.

22       These findings and recommendations will be submitted to the United States District Judge

23   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   _____

25   [2]   The petition also appears to be untimely on its face in challenging a 2002 conviction.
     Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for

26   filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will
     start to run on the date on which the state court judgment became final by the conclusion of direct

27   review or the expiration of time for seeking direct review, although the statute of limitations is
     tolled while a properly filed application for state post-conviction or other collateral review is

28   pending.  28 U.S.C. § 2244(d).

1  after being served with these findings and recommendations, petitioner may file written

2  objections with the court.  The document should be captioned "Objections to Findings and

3  Recommendations."  Petitioner is advised that failure to file objections within the specified

4  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

5  (9th Cir. 1991).

6  Dated: March 7, 2014

7                                                            /s/ Gregory G. Hollows

8                                            UNITED STATES MAGISTRATE JUDGE

9  GGH:076/reed0463.103

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28