UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMECUS REED, | No. 2:14-cv-0463 JAM GGH P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 10, 2014, findings and recommendations issued which recommended that the application be dismissed for failure to exhaust administrative remedies. On March 27, 2014, petitioner filed objections which have been considered.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The findings and recommendations were issued based on petitioner's representation in his application that he did not appeal to the highest state court in regard to any of his state court petitions. (ECF No. 1 at 5.) Based on that representation, the court recommended dismissal for failure to exhaust. Petitioner's objections now state that he has exhausted state court remedies. (ECF No. 10.) Therefore, the findings and recommendations will be vacated.

Petitioner's objections reference claims of ineffective assistance of counsel and actual innocence; however, the petition, although complaining of his counsel's actions at the trial stage, makes no clearly alleged claim or legal argument for ineffective assistance of counsel or actual innocence. (ECF No. 1 at 32, 52, 53, 55.) The only claim clearly alleged is for violation of due process. (Id. at 5.)

To the extent that petitioner references the aforementioned potential claims in the context of timeliness only, he shall reserve his arguments for any potential motion to dismiss.[2]

To the extent that petitioner intends to allege additional grounds of relief for ineffective assistance of counsel and/or actual innocence, he has failed to specify *all* of the grounds for relief in his petition. See Rule 2(c), Rules Governing § 2254 Cases. While the court is cognizant of the low threshold for petitioner at this stage of the proceedings, absent a clear listing of the claims presented along with the most basic facts, the court is currently unable to determine whether petitioner alleges a cognizable claim. See, e.g., Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (deficient petition should be dismissed with leave to amend "unless it appears that no tenable claim for relief can be pleaded were such relief granted.") Therefore, petitioner is directed to file an amended petition that clearly sets forth all grounds for relief. To the extent possible, petitioner

---

[2] The petition appears to be untimely on its face in challenging a 2002 conviction. The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). However, no decision will be made on this issue unless and until a motion to dismiss is filed.

should provide copies of his habeas petitions presented to the state courts, along with the decisions he received.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The findings and recommendations portion of the order filed March 10, 2014, is vacated;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus; and

5. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

Dated: April 8, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/reed0463.114