UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMECUS REED, | No. 2:14-cv-0463 JAM GGH P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 2, 2015, this court adopted the magistrate judge's findings and recommendations recommending that respondent's motion to dismiss the petition as untimely be granted, and entered final judgment. On June 18, 2015, petitioner filed a timely motion to amend or alter the judgment, claiming he is innocent. The motion and respondent's opposition are before the court.

This court may grant relief under Rule 59(e) under limited circumstances including when there is an intervening change of controlling authority, when new evidence has surfaced, or when the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice. See Circuit City Stores v. Mantor, 417 F.3d 1060, 1064 (9th Cir.2005); 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999).

In this case, the motion to dismiss was granted based on a finding that the petition was not

1

timely filed, and petitioner was not entitled to equitable tolling based on either petitioner's depression or his claim of actual innocence.  Petitioner's motion  fails to meet any of the elements set forth above, instead re-visiting the same fruitless grounds that have been previously and properly considered and adjudicated. [1]  Petitioner cites no newly discovered evidence or intervening change in controlling law and makes no showing that the court has "committed clear error or the initial decision was manifestly unjust."  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

Furthermore, although petitioner renews his request to conduct discovery relating to his actual innocence claim, he has not shown why the magistrate judge's previous order denying his motion for discovery should be overturned.

Accordingly, IT IS ORDERED that: petitioner's motion to amend or alter the judgment (ECF No. 36) is denied.

DATED:  August 26, 2015

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE

---

[1]  Not only did petitioner fail to present evidence to support his allegations, the allegations themselves-- an alleged Miranda violation, an alleged tampering with fingerprint and DNA evidence-- do not really touch upon "actual innocence."  Petitioner does not allege that he did not commit the crime; he attacks evidence that was used to convict him.  While his allegations may touch upon other potential constitutional violations such as involuntary confession and perjured evidence, these violations, even if ultimately proven, do not mean that petitioner did not commit the crimes of conviction.  That is, for example, a defendant may have committed a crime even if he was not advised of his Miranda rights after arrest by the police.  Some evidence could have been altered or fabricated, but this does not mean that valid evidence does not exist which points to that defendant's guilt.